UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY CASTILLO,<br><br>           Petitioner,<br><br>   v.<br><br>F B HAWS, Warden,<br><br>           Respondent. | 1:12-cv—00302-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 15)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS AS MOOT PETITIONER'S MOTION FOR STAY AND ABEYANCE (DOC. 17)<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 through 304.  Pending before the Court are two, intertwined motions.  On May 14, 2012, Respondent filed a motion to dismiss the petition because it is a "mixed" petition containing some claims as to which state court remedies were not exhausted; Respondent also filed supporting documentation.  In response, on June 6, 2012,  Petitioner filed a request for stay and abeyance of the petition so that he might return to state court to exhaust state court remedies as to

1

unexhausted claims.  Respondent filed opposition to the request for a stay on June 20, 2012.  No reply has been filed.

I. Proceeding by a Motion to Dismiss

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies).

Further, a respondent may file a motion to dismiss after the

Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  See, Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (C.D.Cal. 1982).

In this case, upon being directed to respond to the petition by way of answer or motion, Respondent filed the motion to dismiss.  The material facts pertinent to the motion are to be found in the pleadings and in copies of the official records of state judicial proceedings which have been provided by the parties, and as to which there is no factual dispute.

The Court will therefore review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Motion to Dismiss the Petition

A.   Background

Petitioner's petition (doc. 1) was filed on February 16, 2012, and transferred to this division of this Court on February 29, 2012.

In the petition, Petitioner alleges that he is an inmate of the California State Prison at Los Angeles County (CSP-LAC) serving a sentence of life without the possibility of parole plus one year for first degree murder in the course of a robbery and while armed with a firearm in violation of Cal. Pen. Code §§ 187(a), 190.2(a), and 12022(a).  (Pet. 1.)

Petitioner raises the following claims in the petition: 1) Petitioner's rights under the Fifth Amendment and the Miranda decision were violated when he was arrested at gunpoint and questioned without understanding that he had a right to refuse to answer questions and to wait for an attorney to come and help

3

him, and without ever indicating that he did so understand; 2) Petitioner's Sixth Amendment right to the effective assistance of counsel was violated by his trial counsel's prejudicial failure to move to suppress Petitioner's extra-judicial statement after failing to ask Petitioner any questions concerning the mode of his arrest or whether he ever indicated that he understood his rights. (Id. at 5.)

The Court has reviewed documents filed by Respondent in support of the motion to dismiss, namely, a petition for review filed by Petitioner in the California Supreme Court (LD 1,[1] case number S175423), a petition for writ of habeas corpus filed in the California Supreme Court (LD 3, case number S194485), and orders denying those petitions (LD 2, LD 4).

Petitioner's ineffective assistance claims related to the alleged Miranda violation were not raised in Petitioner's petition for review in the course of his direct appeal. (LD 1.) Further, the copy of the petition for writ of habeas corpus filed in the California Supreme Court shows that Petitioner raised the claim that his Miranda rights were violated by admission of a statement made to law enforcement officers during post-arrest questioning because he did not understand his rights or indicate that he understood and waived them. (LD 3, 7.) Petitioner also raised a claim that his trial counsel was ineffective because he failed to argue that Petitioner's first statement to police violated Miranda because Petitioner did not waive his rights. (Id. at 9.)

---

[1] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

4

1    Petitioner did not expressly allege as grounds for the
2 habeas petition his trial counsel's alleged failure to ask
3 Petitioner questions about the mode of his arrest or any
4 indication by Petitioner to the interrogating officers that he
5 understood his rights.  However, Petitioner set forth details
6 regarding his interrogation and alleged specifically that he did
7 not state or express that he understood and waived his rights
8 (id. at 7); further, he alleged that counsel did not respond to
9 questions from appointed appellate counsel regarding why he did
10 not challenge the Miranda violation (id. at 9), and Petitioner
11 referred to appellate counsel's declaration, in which appellate
12 counsel noted that trial counsel had sent a page of the
13 preliminary hearing transcript showing that a detective who
14 questioned Petitioner after his arrest testified in court that
15 Petitioner said during the interrogation that he understood his
16 rights.  (Decl., first page.)
17    Also attached to the petition filed in the California
18 Supreme Court was a copy of the decision of the Superior Court of
19 the State of California for the County of Madera (MCSC) in a
20 habeas corpus proceeding filed by Petitioner.  The decision
21 detailed Petitioner's claim regarding his trial counsel's failure
22 to move to suppress Petitioner's confession.  It summarized the
23 evidence admitted at an evidentiary hearing held in the MCSC on
24 the ineffective assistance claim, including trial counsel's
25 testimony that he had asked Petitioner if Petitioner had told the
26 detective that Petitioner understood his rights, and that
27 Petitioner had responded that he nodded "yes" to the detective,
28 indicating that he had understood his rights.  (MCSC order at 2.)

The MCSC's decision also noted that at the evidentiary hearing, Petitioner denied having nodded "yes," or having told his counsel that he had done so. (Id.) The MCSC noted that one response of the detective in the transcript of the interrogation suggested that Petitioner had nodded that he understood his rights; further, counsel had successfully moved to exclude another statement. The MCSC expressly determined that in light of the all the evidence, counsel was credible, and Petitioner was not. (Id. at 2-3.)

### B. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

1 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365
2 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
3 (1992), superceded by statute as stated in Williams v. Taylor,
4 529 U.S. 362 (2000) (factual basis).

5     Additionally, the petitioner must have specifically told the
6 state court that he was raising a federal constitutional claim.
7 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
8 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala
9 v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,
10 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United
11 States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are
> to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be
> alerted to the fact that the prisoners are asserting
> claims under the United States Constitution. If a
> habeas petitioner wishes to claim that an evidentiary
> ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment,
> he must say so, not only in federal court, but in state
> court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule
further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.
2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th
Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly
> presented" (and thus exhausted) his federal claims
> in state court unless he specifically indicated to
> that court that those claims were based on federal law.
> See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
> 2000). Since the Supreme Court's decision in Duncan,
> this court has held that the petitioner must make the
> federal basis of the claim explicit either by citing

7

> federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). Further, where some claims are exhausted and others are not (i.e., a "mixed" petition), the Court must dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. Rose, 455 U.S. at 510, 521-22; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997), en banc, cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997). However, the Court must give a petitioner an opportunity to amend a mixed petition to delete the unexhausted claims and permit review of properly exhausted claims. Rose v. Lundy, 455 U.S. at 520; Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981,

986 (9th Cir. 1998), cert. denied, 525 U.S. 920 (1998); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

        C.    Analysis

A federal claim is fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with that court. Gentry v. Sinclair, 693 F.3d 867, 880 (9th Cir. 2012) (citing Baldwin v. Reese, 541 U.S. 27, 32 (2004)). Reference in an attachment or appendix to a petition is sufficient. Scott v. Schriro, 567 F.3d 573, 582-83 (9th Cir. 2009).

Here, in the Supreme Court petition, Petitioner not only identified the overarching failure of counsel to object to the alleged Miranda violation, but also submitted the record of the proceedings in the MCSC, which detailed the factual dispute between Petitioner and his counsel with respect to both Petitioner's communications with counsel concerning any waiver and the extent of counsel's investigation into waiver. Petitioner's submission of facts relating to the alleged ineffective assistance of counsel on the Miranda issue included matter pertinent to the question of counsel's investigation or preparation on the issue. Petitioner's more direct assertions in the present petition regarding counsel's alleged failure to investigate his arrest or his purported waiver of Miranda rights amount to reiterations of the factual matter set forth in the Supreme Court petition in relation to counsel's ineffective assistance.

The Court of Appeals for the Ninth Circuit has recently summarized the pertinent legal standards concerning fair

presentation and new facts as follows:

> Constitutional claims must be "fairly presented" in state court to provide those courts an opportunity to act on them. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam). "It would be contrary to [the] purpose [of Section 2254(b)] to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." Cullen v. Pinholster, 563 U.S. ----, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011). Therefore, a claim has not been fairly presented in state court if new factual allegations (1) "fundamentally alter the legal claim already considered by the state courts," Vasquez v. Hillery, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); Beaty v. Stewart, 303 F.3d 975, 989-90 (9th Cir.2002), or (2) "place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it," Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir.1988); *accord* Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir.1988).

Dickens v. Ryan, 688 F.3d 1054, 1067 (9th Cir. 2012).

Given the extent of the factual matter set forth by Petitioner in the petition for writ of habeas corpus filed in the California Supreme Court, Petitioner's allegations here concerning counsel's failure to ask about the circumstances of his purported waiver of Miranda rights neither fundamentally alter the legal claim already presented nor place the case in a significantly different and stronger evidentiary posture than it was when the California Supreme Court considered it. The Court understands Petitioner's claim to relate to counsel's failure to have the statement excluded from evidence, and it interprets Petitioner's references to counsel's specific omissions in questioning Petitioner to constitute factual matter in support of such a claim.

The Court further notes that reference to Petitioner's motion for a stay, which includes a copy of the petition that

Petitioner would file in the California Supreme Court to exhaust his claim, is consistent with such an interpretation. (Mot., doc. 17 at 7.)

The Court concludes that Petitioner fairly presented his claim of ineffective assistance of counsel to the California Supreme Court.

Accordingly, it will be recommended that Respondent's motion to dismiss the petition as a mixed petition be denied.

III.  Petitioner's Motion for a Stay

In his motion for a stay, Petitioner argued that he had presented his ineffective assistance claim in his petition for writ of habeas corpus to the California Supreme Court.  He further requested a stay in order to permit further exhaustion of state court remedies in the California Supreme Court as to any claim regarding which state court remedies were found not to have been exhausted.

As previously noted, the claim that Petitioner would raise in the California Supreme Court is essentially the same claim that he previously raised before that court. Because this Court has concluded that Petitioner fairly presented his claim of ineffective assistance of counsel to the California Supreme Court, Petitioner's request for a stay has been rendered moot.

Accordingly, it will be recommended that Petitioner's motion for a stay and abeyance be dismissed as moot.

IV.  Recommendation

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition as a mixed petition be DENIED; and

11

2) Petitioner's motion for a stay and abeyance be DISMISSED as moot; and

3) Respondent be DIRECTED to respond to the petition no later than forty-five (45 days) after the date of service of an order adopting these findings and recommendations or otherwise denying Respondent's motion to dismiss, with all pertinent portions of the Court's previous order of March 15, 2012, directing a response to the petition, remaining in effect.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 23, 2012**               /s/ **Barbara A. McAuliffe**
                                                      UNITED STATES MAGISTRATE JUDGE