UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUDY CASTILLO,

Petitioner,

v.

F B HAWS, Warden,

Respondent.

1:12-cv—00302-LJO-BAM-HC

ORDER RE: FINDINGS AND RECOMMENDATIONS (DOC. 19)

ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 15)

ORDER DISMISSING AS MOOT PETITIONER'S MOTION FOR STAY AND ABEYANCE (DOC. 17)

ORDER REFERRING THE MATTER BACK TO THE MAGISTRATE TO DIRECT A RESPONSE TO THE PETITION

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 through 304.

On October 23, 2012, The Magistrate Judge filed findings and recommendations concerning two intertwined motions, namely, Respondent's motion to dismiss the petition as a "mixed" petition containing some claims as to which state court remedies were not exhausted, and Petitioner's request for a stay and abeyance of

the petition so that he might return to state court to exhaust state court remedies as to unexhausted claims. The findings and recommendations informed the parties that objections could be filed within thirty days of service. On December 3, 2012, Respondent filed timely objections to the findings and recommendations. On December 19, 2012, Petitioner filed a timely reply.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. The undersigned has carefully reviewed the entire file and has considered the objections and the reply to the objections; the undersigned has determined there is no need to modify the findings and recommendations based on the points raised in the objections and reply. The Court finds that the findings and recommendations are supported by the record and proper analysis.

Respondent challenges the Magistrate Judge's conclusion that in his petition for habeas corpus filed in the California Supreme Court (LD 3), Petitioner had exhausted his state court remedies as to his claim raised here that Petitioner's trial counsel was ineffective based on his failure to argue that Petitioner's first statement to police violated Miranda because Petitioner did not waive his rights, including allegations that counsel had failed to discuss the matter with Petitioner. The habeas petition filed in the California Supreme Court included an attachment to the petition in which Petitioner set forth relevant portions of the record and thereby stated the facts pertinent to his claim concerning trial counsel's ineffectiveness. The facts noted included trial counsel's failure to discuss the matter with

Petitioner. Petitioner cited Strickland v. Washington in support of his claim. (LD 3 at 9.)[1]

Respondent argues that the material in the state court habeas petition was not sufficient to present to the California Supreme Court the claim concerning counsel's failure to inquire about the issue, relying on Baldwin v. Reese, 541 U.S. 27 (2004). In Baldwin v. Reese, the Court held that a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so. In Baldwin, a state prisoner asserted in state court

[1] In connection with this claim, Petitioner did not formally allege that his trial counsel was ineffective in the portion of the state court petition form relating to grounds. (LD 3 at 4.) However, he directed the reader to Attachment B. (Id. at 4.) In Attachment B, Petitioner complained not only of defense counsel's concessions in oral argument to the jury, but also that trial counsel failed to argue that Petitioner's first statement to the police, which was audio-taped, violated Miranda in that Petitioner had not waived his rights. (Id. at 9.) Petitioner referred to a declaration that set forth efforts to learn why counsel had failed to do so, indicated that counsel failed to respond to the efforts, and further indicated that the transcript of the interrogation reflected that there was no audible response from Petitioner to a question from police regarding whether Petitioner had waived his rights. (Id., decl. of Sharon G. Wrubel.) Immediately following (or, continuing as part of) Attachment B in the state court petition are a series of exhibits, including a few selected pages from the transcript of Petitioner's police statement, the trial and preliminary hearing transcripts (reflecting an officer's testimony that during the interrogation Petitioner had "said" that he understood his rights), and further correspondence between Petitioner's appellate counsel and trial counsel in which appellate counsel 1) stated that Petitioner had informed appellate counsel that trial counsel had not discussed this issue with Petitioner, and 2) asked counsel if he had considered the issue and, if so, why a motion to suppress had not been filed. (Id., letter dated January 29, 2009). This documentation was followed by a copy of the opinion rendered in Petitioner's direct appeal. Also included was a three-page order of the trial court rendered in a habeas corpus proceeding in which Petitioner had raised counsel's ineffectiveness for failure to raise the alleged Miranda violation. (Order of September 17, 2010.) The order recited the testimony of Petitioner's trial counsel at an evidentiary hearing to the effect that Petitioner had told trial counsel that he had nodded "yes" to the officer when asked if he understood his rights. (Id. at 2.) The order also included the trial court's finding that considering the totality of the evidence, there was no Miranda violation because Petitioner had indicated that he had understood his rights. (Id. at 2-3.)

the allegedly ineffective assistance of trial and appellate counsel. He alleged that his trial counsel's conduct violated several provisions of the federal Constitution, but he did not say that his appellate counsel's allegedly ineffective assistance violated federal law. Further, he did not cite a case that might have alerted the court to the federal nature of the claim, and he did not allege a factual description supporting the claim. The federal appellate court relied on the fact that the judges of the highest state court had an opportunity to read the lower court decision that was claimed by the Petitioner to have been erroneous concerning the claim involving appellate counsel. The Supreme Court ruled that judges reviewing a petition were not required to read lower court opinions or lower court briefs in the pertinent case that were not included in the petition or briefing of the petition. Baldwin v. Reese, 541 U.S. at 32.

Here, the California Supreme Court was not required in the present case to go beyond the petition, briefs, or similar documents; rather, the selected factual matter concerning communication and/or investigation of the issue by counsel was attached to the petition itself. Cf., Miller v. Quinn, 307 Fed. Appx. 96, 98, 2009 WL 117985, **1 (9th Cir. Jan. 9, 2009) (unpublished). The petition set forth the essential facts of the claim, including factual matter concerning Petitioner's communications with trial counsel concerning the Miranda waiver, and it further stated the federal legal basis of the claim and cited authority. The claim or claims were thus fairly presented. See, Insyxiengmay v. Morgan, 403 F.3d 657, 669 (9th Cir. 2005). Respondent does not contend that state law prohibited or

otherwise rendered invalid this mode of proceeding. Facts set forth in the present federal petition concerning counsel's failure to ask Petitioner about the mode of his arrest and whether Petitioner understood his Miranda rights are not fundamental alterations of the claim concerning counsel's ineffectiveness for failure to discuss the issue with Petitioner that was set forth in the state habeas petition. See, Vasquez v. Hillery, 474 U.S. 254, 260 (1986).

Accordingly, it is hereby ORDERED that:

1. The Findings and Recommendations filed on October 23, 2012, are ADOPTED in full; and

2. The Respondent's motion to dismiss the petition is DENIED; and

3. Petitioner's motion for a stay is DISMISSED as moot; and

4. The matter is REFERRED back to the Magistrate Judge to issue directions to Respondent to file an answer to the petition.

IT IS SO ORDERED.

**Dated: March 6, 2013** **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE