# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY CASTILLO,<br><br>    Petitioner,<br><br>    v.<br><br>F. B. HAWS, Warden,<br><br>    Respondent. | Case No. 1:12-cv-00302-LJO-BAM  HC<br><br>ORDER DENYING MOTION<br>FOR STAY AND ABEYANCE<br><br>Doc. 38 |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition on February 16, 2012. Following dismissal of certain claims following Respondent's motion, Respondent answered on July 1, 2013; Petitioner filed a traverse on September 12, 2013. On February 19, 2015, Petitioner moved for an order of stay and abeyance to permit him to exhaust a new claim arising from *People v. Chiu*, 59 Cal.4th 155 (2014). Because Petitioner's new ground seeks to vindicate rights under California state law, but not federal constitutional or statutory rights, the undersigned recommends that the Court deny the motion for stay and abeyance.

## DISCUSSION

Although the motion for stay generally refers to the new claim under *Chiu* as "a new constitutional claim," it never identifies any specific federal constitutional right as having been violated. *See* Doc. 38 at 2. Nor does Petitioner specifically explain the nature of the new claim,

1

except to describe the *Chiu* ruling as "regarding aider and abettor, and probable consequences doctrin[e]." *See* Doc. 38 at 2.  Respondent opposes the motion, contending that since *Chiu* holding did no more than interpret state-law doctrine, it did not give rise to a cognizable ground for a federal habeas petition.  Petitioner replies that *Chiu* would give rise to a federal claim when interpreted in accordance with *Rosemond v. United States*, 134 S.Ct. 1240 (2014).

In *Chiu*, the California Supreme Court addressed for the first time "how to instruct the jury on aider and abettor liability for first degree premeditated murder under the natural and probable consequences doctrine."  59 Cal.4th at 162.  Under California law, "[a] person who knowingly aids and abets criminal conduct is guilty not only of the intended crime (target offense) but also of any other crime the perpetrator actually commits (nontarget offense) that is a natural and probable consequence of the intended crime." *Id.* at 161 (*citations and quotation marks omitted*).  An aider and abettor's liability for the non-target offense does not depend on whether he or she actually foresaw the non-target offense, but on "whether a reasonable person in the defendant's position would have or should have known that the charged offense was a reasonably foreseeable consequence of the act aided and abetted." *Id.*  The *Chiu* court held that "a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine." *Id.* at 167.  The court applied neither state nor federal constitutional doctrines in construing the statute under applicable California law.

*Rosemond* does not bring *Chiu* into the ambit of federal constitutional law.  In *Rosemond*, the U.S. Supreme Court addressed the nature of the affirmative act required under 18 U.S.C. § 2 to establish that a defendant aided or abetted a violation of 18 U.S.C. § 942(c), which prohibits using or carrying a firearm in the course of a violent or drug-trafficking crime.  134 S.Ct. at 1243.  The Court held that to aid or abet a violation of § 942(c), a participant in a violent or drug-trafficking crime must have advance knowledge that one or more of his confederates intends to use or carry a firearm in the course of criminal venture.  It reversed Rosemond's conviction because the District Court's instruction to the jury failed to direct the jury to determine when Rosemond knew that a confederate intended to use a firearm.  134 S.Ct. at 1252.  The Court construed § 942(c) without conducting any constitution analysis. *See also Hughes v. Epps*, 561 Fed.Appx. 350, 354 n. 4 (5th

2

Cir. 2014) (distinguishing *Rosemond*, which (1) arose under federal, not state law, and (2) did not address whether the charged crime was a natural and probable consequence of the intended crime).

"[A] district court shall entertain an application for a writ of habeas corpus on behalf of a prisoner in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The stay motion does not allege a specific violation of the U.S. Constitution or federal laws or treaties, but only refers generally to "a new constitutional claim" arising from the *Chiu* analysis of California's aider and abettor law and the probable consequences doctrine. Doc. 38 at 2. When a petition includes no mention of any federal grounds, a district court may appropriately dismiss it. *Burkey v. Deeds*, 824 F.Supp. 190, 193 (D.Nev. 1993); *Zihir v. Ryan*, 2011 WL 6211159 (D.Ariz 2011).

"[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*citations omitted*). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997). The California Supreme Court's analysis of California law governing aiders and abettors of first degree murder is a state matter over which this Court does not have habeas jurisdiction.

## CONCLUSION AND ORDER

Petitioner's having alleged no federal constitutional or statutory basis for the grounds for which he seeks an order of stay and abeyance, the undersigned recommends that the Court deny the motion for stay and abeyance, and direct that the existing petition proceed to resolution.

These Findings and Recommendations will be submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **July 16, 2015**                    /s/ Barbara A. McAuliffe
                                                UNITED STATES MAGISTRATE JUDGE